JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE VICTOR MANUEL RAMOS-CASTANEDA, et al. | Case No. CV 15-9875-DMG (DTBx) <br><br> **ORDER DENYING *EX PARTE* APPLICATION FOR APPOINTMENT OF COUNSEL** |

On December 23, 2015, Movants Victor Manuel Ramos-Castaneda, Josue Rafael Sorto-Orellana, Rudy Leonel Murcia, Jose Pelayo Michel, Clemente Monroy, Santiago Arteaga-Rosas, Luis Fernando Sanchez, and Miguel Rodriguez-Luna (collectively, "Movants"), through their counsel, the Office of the Federal Public Defender ("FPDO"), filed an *ex parte* application for an order appointing the FPDO to represent them in their immigration proceedings. [Doc. # 1.] On January 8, 2016, the United States filed a Statement of Interest in response. [Doc. # 12.] On February 8, 2016, Movants filed their reply. [Doc. # 15.]

Movants explain that in *Franco-Gonzalez v. Holder*, Case No. CV-10-2211-DMG (DTBx), this Court found that certain individuals with serious mental disabilities who are determined not to be competent to represent themselves in immigration proceedings are entitled to the appointment of a qualified representative. Movants assert that, in connection with the implementation of the Court's Order granting injunctive relief, the FPDO entered into a contract with the VERA Institute of Justice, which acts on behalf of the *Franco* defendants to enter into contracts with qualified representatives. An Immigration Judge found Movants to be incompetent and assigned the FPDO to represent the Movants in their immigration proceedings. Movants now apply to this Court for an order appointing the FPDO under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006(A), to represent them in their immigration proceedings.

As this Court has previously noted, it "is not persuaded that it has authority under the CJA to appoint counsel to represent [Movants] in their administrative proceedings before the Immigration Court." *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1058 n. 20 (C.D. Cal. 2010). That remains the case.

Movants do not assert that the Immigration Judge before whom their proceedings are pending will not appoint representation for them. In fact, they state that the Immigration Judge *has* assigned the FPDO to represent them. As such, it appears that the only claim that Movants raise here is that their FPDO representation before the Immigration Judge be funded by the CJA. Movants do not explain why this cannot be

raised before the Immigration Judge who is presiding over their cases or why it would be proper for this Court to decide the issue collaterally given that funding through the VERA Institute appears to exist.  Appointment to provide adequate representation under the CJA presupposes that the court, in appointing counsel, will address the need for such representation by the person appearing before that court in an action before that court. There is no such need before this Court, and certainly no apparent exigency that warrants *ex parte* relief.  Moreover, this Court is unaware of the terms and conditions of the contract between the FPDO and the VERA Institute of Justice, the consideration exchanged therefor, and why that contract cannot provide adequate funding for the FPDO's services.

      Accordingly, IT IS ORDERED that the Movants' *ex parte* application for an order appointing the FPDO to represent them in their immigration proceedings is respectfully DENIED.

DATED: February 11, 2016

                                              DOLLY M. GEE
                              UNITED STATES DISTRICT JUDGE